NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000222
26-AUG-2013
08:31 AM**

NO. CAAP-12-0000222


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
SOLOMON AMADEO, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 11-1-1070)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant Solomon Amadeo (Amadeo) appeals from a February 22, 2011 judgment of conviction for (1) Robbery in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 708-841 (Supp. 2012); (2) Kidnapping in violation of HRS § 707-720 (1993 and Supp. 2012); and (3) Unauthorized Possession of Confidential Personal Information in violation of HRS § 708-839.55 (Supp. 2012) entered by the Circuit Court of the First Circuit.[1]

Amadeo raises a single point of error on appeal. He argues that the Deputy Prosecuting Attorney "engaged in prosecutorial misconduct during closing argument by interjecting his personal opinion and attempting to persuade the jury through inappropriate commentary," thereby "den[ying] [Amadeo] of his constitutional right to a fair trial."

---

[1] The Honorable Richard W. Pollack presided.

After a careful review of the point raised, the arguments presented by counsel, the record and the applicable authority, we resolve Amadeo's point as follows.

Hawai'i courts have consistently held that "wide latitude is allowed in discussing the evidence" by prosecutors during closing arguments. State v. Clark, 83 Hawai'i 289, 304, 926 P.2d 194, 209 (1996). "It is not improper for a prosecuting attorney to argue during closing arguments that a defendant's testimony was untruthful." State v. Belen, 120 Hawai'i 255, 203 P.3d 675, No. 28925 2009 WL 418651 at *1 (App. Feb. 20, 2009) (SDO) (citing State v. Cordeiro, 99 Hawai'i 390, 425, 56 P.3d 692, 727 (2002)) ("Comments to the effect that a defendant or a defense witness were lying have repeatedly been upheld.") (other citations omitted). Furthermore, the Hawai'i Supreme Court has held that "[a] prosecuting attorney may comment on the evidence and the credibility of witness[es] and, in the process, may belittle and point to the improbability and untruthfulness of specific testimony." Cordeiro at 425, 56 P.3d at 727 (quoting Clark, 83 Hawai'i at 305, 926 P.2d at 210).

"It is generally recognized under Hawai'i case law that prosecutors are bound to refrain from expressing their personal views as to a defendant's guilt or the credibility of witnesses." Id. at 424-25, 56 P.3d at 726-27 (2002) (quoting Clark, 83 Hawai'i at 304, 926 P.2d at 209). "However, a prosecutor, during closing argument, is permitted to draw reasonable inferences from the evidence and wide latitude is allowed in discussing the evidence." Id. at 425, 56 P.3d at 727 (quoting Clark, 83 Hawai'i at 304, 926 P.2d at 209).

Here, upon review of the prosecutor's argument we conclude that no misconduct occurred. The remarks identified by Amadeo, when taken in context of the prosecutor's argument as a whole, including an explicit acknowledgment that it was for the jury to determine the credibility of witnesses, a discussion of the factors the jury had been given to determine the credibility of the witnesses, reminders that it was the jury that needed to

make decisions about what happened in the case and determine which witnesses to believe. The vast bulk of the argument concerned how the evidence supported the charges, discussed the various charges, special interrogatories, and lesser included offenses to which there was no objection at trial nor challenged on appeal. On this record, we conclude that the argument was not improper and, consequently, that Amadeo was not deprived of a fair trial.

Therefore, the February 22, 2011 Judgment of the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, August 26, 2013.

On the briefs:

Richard D. Gronna,
for Defendant-Appellant.

Presiding Judge

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge